IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JARROD GRZESIAK, )
)
      Plaintiff, )
)
vs. ) No. 03 C 7862
)
P.O. THOMAS LOEB, and P.O. JOHN )
SIMPSON #9461, individually, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff moves to file a second amended complaint. That motion is granted, but with a caveat.

The motion seeks to include as damages punitive damages against defendant Loeb. Plaintiff claims the failure to include those damages earlier was inadvertent and that Loeb had to know, from what happened during discovery, that plaintiff would be seeking those damages. But that is not necessarily evident. Plaintiff asked Loeb during his deposition questions relating to his assets, which his counsel directed him not to answer. Plaintiff's counsel said she would certify the question because plaintiff was claiming punitive damages, but she never did. On the other hand, defendant did not dispute that claim, nor was the refusal to answer based on the assertion that punitive damages were not claimed.

Amendments should normally be freely granted, and the prejudice to defendant Loeb of it being allowed is rather marginal. Still, amendments on the eve of trial are not favored, and we cannot know how the lack of a punitive damages claim and the lack of a pursuit of one may have impacted the way Loeb has litigated this case. It is a close question. We think the

best course is to permit plaintiff to pursue those damages. It may be that the evidence will not support such a claim. It may be that the jury will not award such damages. But if it does, we will revisit this matter upon a fuller record. Therefore, the motion to amend is granted for now, but subject to reconsideration at a later time.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 10, 2006.